NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0715n.06

Case No. 11-3113

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 03, 2012*

LEONARD GREEN, Clerk

HARVEST INSTITUTE FREEDMAN )
FEDERATION, LLC; LEATRICE )
TANNER-BROWN, )
         )
        Plaintiffs-Appellants, )
         )
        v. )
         )
UNITED STATES OF AMERICA; THE )
HONORABLE KEN SALAZAR, SECRETARY )
OF THE DEPARTMENT OF INTERIOR OF THE )
UNITED STATES, )
         )
        Defendants-Appellees. )
         )

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

BEFORE: BATCHELDER, Chief Judge; McKEAGUE, Circuit Judge; QUIST, District Judge.[*]

ALICE M. BATCHELDER, Chief Judge. Plaintiffs-Appellants Harvest Institute

Freedman Federation and Leatrice Tanner-Brown want the federal courts to hold that the Claims

Resolution Act, No. 111-291, 124 Stat. 3064 (2010) ("the Act"), is unconstitutional because it

perpetuates racial discrimination against former slaves—known as the Freedmen—of certain Native

American tribes. Congress enacted the Act to implement the settlement between the parties in

*Cobell v. Salazar*, No. 1:96CV01285-JR (D.D.C.), which was a class-action lawsuit brought by a

number of individual Native Americans against the Secretaries of the Departments of the Interior and

_____

[*]The Honorable Gordon Jay Quist, United States District Judge for the Western District of Michigan, sitting by designation.

of the Treasury. The class in *Cobell* claimed that the United States had breached its fiduciary duty to administer properly the Individual Indian Money (IIM) Accounts held on the behalf of certain Native Americans.

The Harvest plaintiffs claim that the Freedmen were wrongfully excluded from ownership of the IIM Accounts due to racism, and that it perpetuates racial discrimination for Congress to not address their claims at the same time that it addresses the claims of the *Cobell* class. Along with their Complaint, the Harvest plaintiffs moved the district court for a temporary restraining order; the United States responded by filing Rule 12(b)(1) and 12(b)(6) motions to dismiss based on lack of subject matter jurisdiction and failure to state a claim, respectively.

The district court dismissed the case, holding that the Harvest plaintiffs did not have standing because any injury to them is not fairly traceable to the United States and because the injury will not be redressed by a favorable decision. The Harvest plaintiffs timely appealed.

After carefully reviewing the district court's opinion, the briefs, and the record in this case, we conclude that the district court did not err in dismissing the case. As the district court correctly set out the applicable law and correctly applied that law to the undisputed material facts contained in the record, issuance of a full written opinion by this court would serve no jurisprudential purpose.

Accordingly, for the reasons stated in the district court's well-reasoned opinion, we **AFFIRM** the judgment of the district court.